# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 10-1104-RGK (OPx)** | Date | August 23, 2010 |
|---|---|---|---|
| Title | ***SAMPSON LEWIS MD HOLDINGS LTD. v. AMERICAN WORLD INVESTMENTS LLC, et al.,*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT** (JS-6)

On July 27, 2010, Defendants American World Investments LLC and Arturo Simon Ruiz (collectively "Defendants"), representing themselves pro se, removed this action from the San Bernardino County Superior Court of California to the United States District Court, Central District of California on the basis of federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332.[1]

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

---

[1] Local Rule 83-2.10.1 states that a corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se. C.D. Cal. R. 83-2.10.1. Normally, the Court would order Defendant American World Investments LLC, a limited liability corporation representing itself pro se, to show cause why it should not be dismissed for failure to retain legal counsel. In this instance, however, the order herein remanding the matter back to state court will eliminate the necessity of such.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **EDCV 10-1104-RGK (OPx)** | Date | August 23, 2010 |
|---|---|---|---|
| Title | ***SAMPSON LEWIS MD HOLDINGS LTD. v. AMERICAN WORLD INVESTMENTS LLC, et al.,*** | | |

    Defendants state that "[r]emoval is based upon diversity jurisdiction in that the State Action is an action that the United States District Court would have original jurisdiction founded on a claim or right arising under Diversity of citizenship; amount in controversy; costs." (Notice of Removal p. 2:1-3.) However, having set forth that basis for removal, Defendants make no averment whatsoever to Plaintiff's citizenship or to their own citizenship. Review of the Complaint filed in state court by Sampson Lew MD Holdings Ltd ("Plaintiff") on May 24, 2010, nevertheless, shows that Plaintiff is a corporation organized and existing under the laws of California and that Defendants also reside in California, which would destroy diversity. (*See* Complaint ¶¶ 1-6.) For this reason, Defendants fail to sustain their burden in establishing diversity jurisdiction.

    Moreover, Defendants appear to also raise federal question jurisdiction as a basis for removal. Defendants assert that the action for unlawful detainer against Defendants constitute claims brought under the Fair Debt Collection Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), and other statutes. (Notice of Removal p. 2: 16-25.) Thorough review of the Complaint, however, fails to show that Plaintiff raised any federal question upon which this Court would have subject matter jurisdiction. Plaintiff's Complaint is an action for unlawful detainer post foreclosure sale on May 7, 2010, which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Federal question jurisdiction exists only when the federal question appears on the face of a "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Since Plaintiff raises no federal question in the Complaint, there can be no federal question jurisdiction. Defendants cannot confer jurisdiction upon the Court by attempting to attach a federal claim to their Notice of Removal.

    Accordingly, Defendants' removal is improper for lack of diversity and federal question jurisdiction. For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |